2021R01080/APT

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Claire C. Cecchi |
| | : | |
| v. | : | Criminal No. 22-CR-204 |
| | : | |
| GORDON BRAD BECKSTEAD | : | 18 U.S.C. § 1956(h) |
| | : | 26 U.S.C. § 7206(2) |
| | : | |

## I N F O R M A T I O N

The defendant having waived in open court prosecution by Indictment and any challenges to this prosecution based on venue, the United States Attorney for the District of New Jersey charges:

### COUNT ONE
### (Money Laundering Conspiracy)

#### Introduction

1.  From in or around 2014 through in or around December 2019, defendant Gordon Brad Beckstead ("BECKSTEAD") conspired with Individual-1 and others to launder millions of dollars of proceeds from Individual-1's criminal activity by concealing the source of Individual-1's income through various methods, including the use of shell companies. BECKSTEAD, a Nevada resident and licensed certified public accountant ("CPA"), further assisted Individual-1 in avoiding federal taxes on at least approximately $60 million in unreported income.

#### Relevant Individuals and Entities

2.  At various times relevant to this Information:

      a.    Individual-1 was a resident of Colorado and the creator and operator of BitClub Network ("BCN"), a worldwide fraudulent scheme that solicited money from investors in exchange for shares of pooled investments in cryptocurrency mining and that rewarded existing investors for recruiting new investors.

      b.    BECKSTEAD was an investor in BCN and provided various financial and tax preparation services to Individual-1.

      c.    BECKSTEAD was associated with various corporate entities controlled by Individual-1 (the "Individual-1 Entities"), some of which were used to maintain accounts at banks (the "Entity Accounts"), including the following:

        i.    BECKSTEAD was the trustee of Entity-1, a land trust, and was the signatory to bank accounts held by Entity-1 at Banks A and B.

        ii.    BECKSTEAD was the registered agent and manager of Entity-2, a Nevada corporation, and was the signatory to bank accounts held by Entity-2 at Banks C and D.

        iii.    BECKSTEAD was the managing member of Entity-3, a Nevada corporation, and was the signatory to a bank account held by Entity-3 at Bank D.

        iv.    BECKSTEAD was the accounting manager for Entity-4, a cryptocurrency mining entity located in Butte, Montana,

      and was the signatory to a bank account held by Entity-4 at Bank E.

   v. BECKSTEAD was the managing director of Entity-5, a German corporation, and was the signatory to a bank account held by Entity-5 at Bank F, a German financial institution.

   vi. BECKSTEAD was the managing member of Entity-6, a Nevada corporation.

   vii. BECKSTEAD was the registered agent of Entity-7, a Nevada corporation.

   d. Banks A through F were financial institutions as defined in Title 18, United States Code, Section 1956(c)(6), and Title 31, United States Code, Section 5312.

<u>The Conspiracy</u>

   3. From in or around 2014 through in or around December 2019, in the District of New Jersey, and elsewhere, the defendant,

GORDON BRAD BECKSTEAD

did knowingly and intentionally conspire and agree with others to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, namely, wire fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that

while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

Manner and Means of the Conspiracy

4. It was part of the conspiracy that:

    a.    BECKSTEAD registered the Individual-1 Entities at the direction of Individual-1.

    b.    The Individual-1 Entities were "shell" companies, lacking any actual economic function or business operation and were established to anonymize control of the bank accounts and to disguise and conceal the nature, source, and ownership of Individual-1's income and ownership of assets.

    c.    Individual-1, BECKSTEAD, and others used the Individual-1 Entities to shield Individual-1 from any association with BCN and to disguise income derived by Individual-1 through his operation of BCN.

    d.    BECKSTEAD directed and authorized transfers exceeding $50 million to and from the Entity Accounts, which were designed to: (a) conceal the source of Individual-1's income generated from BCN; (b) disguise Individual-1's ownership of certain property and assets paid for with BCN proceeds; and (c) help Individual-1 evade certain tax reporting requirements.

      e. BECKSTEAD and others provided false or misleading information to various financial institutions and other individuals and entities to conceal the source of Individual-1's income derived from BCN.

      f. BECKSTEAD and others arranged for the purchase of various properties and assets for the benefit of Individual-1 in the names of the Individual-1 entities and other individuals to maintain Individual-1's anonymity and to conceal any association between the assets and BCN-generated funds.

 All in violation of Title 18, United States Code, Section 1956(h) and Section 2.

## COUNT TWO
### (Aiding in the Preparation of a False Tax Return)

1. Paragraphs 1 and 2 of Count One of this Information are realleged here..

2. At all times relevant to Count Two of this Information:

    a. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury, responsible for administering and enforcing the tax laws of the United States and collecting the taxes that were due and owing to the Treasury of the United States by its citizens and businesses.

    b. Tax Preparer-1 was certified as an Enrolled Agent and authorized to represent taxpayers before the IRS.

3. On or about October 24, 2018, Individual-1 signed, filed, and caused to be filed with the IRS a 2017 Form 1040 United States Individual Income Tax Return (the "2017 Tax Return").

4. The 2017 Tax Return was prepared by Tax Preparer-1 with assistance from Individual-1 and BECKSTEAD. Tax Preparer-1 signed as the preparer of the 2017 Tax Return.

5. Both BECKSTEAD and Individual 1 knew that the 2017 Tax Return was fraudulent and false as to a material matter in that the 2017 Tax Return did not include at least approximately $16,380,062 of taxable income earned by Individual-1 through his operation of BCN during the relevant taxable periods. By failing to report this income, Individual-1 failed to pay more than $5 million in additional federal income taxes to the United States.

6.     On or about October 24, 2018, in Clark County, in the District of Nevada, and elsewhere, defendant

GORDON BRAD BECKSTEAD

did knowingly and willfully aid and assist in and advised as to the preparation of a United States Individual Income Tax Return, Form 1040, of Individual-1 for tax year 2017, as described in paragraph 3 of Count Two of this Information, which BECKSTEAD knew to be fraudulent and false as to a material matter, in that the return failed to report at least approximately $16,380,062 of income earned by Individual-1 during the relevant taxable period, as described in paragraph 5 of Count Two of this Information.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT THREE
### (Aiding in the Preparation of a False Tax Return)

1.      Paragraphs 1 and 2 of Count One of this Information and Paragraph 2 of Count Two of this Information are realleged here.

2.      At all times relevant to Count Three of this Information, Tax Preparer-2 was a CPA licensed in the state of Utah.

3.      On or about October 18, 2019, Individual-1 signed, filed, and caused to be filed with the IRS a 2018 Form 1040 United States Individual Income Tax Return (the "2018 Tax Return").

4.      The 2018 Tax Return was prepared by Tax Preparer-2 with assistance from Individual-1 and BECKSTEAD. Tax Preparer-2 signed as the preparer of the 2018 Tax Return.

5.      The 2018 Tax Return was fraudulent and false as to a material matter in that the return did not include approximately $49,575,060 of income earned by Individual-1 through his operation of BCN during the relevant taxable periods. By failing to report this income, Individual-1 failed to pay more than $18 million in additional federal income taxes to the United States.

6.      On or about October 18, 2019, in Clark County, in the District of Nevada, and elsewhere, defendant

GORDON BRAD BECKSTEAD

did knowingly and willfully aid an assist in and advised as to the preparation of a United States Individual Income Tax Return, Form 1040, of Individual-1 for tax year 2018, as described in paragraph 3 of Count Three of this Information, which BECKSTEAD knew to be fraudulent and false as to a material matter, in

8

that the return failed to report at least approximately $49,575,060 of income earned by Individual-1 during the relevant taxable period, as described in paragraph 5 of Count Three of this Information.

In violation of Title 26, United States Code, Section 7206(2).

## FORFEITURE ALLEGATION

1. As the result of committing the money laundering conspiracy offense in violation of 18 U.S.C. § 1956 alleged in this Information, the defendant,

GORDON BRAD BECKSTEAD

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in the money laundering conspiracy offense, and all property traceable to such property.

## SUBSTITUTE ASSETS PROVISION

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

*Philip R. Sellinger*
PHILIP R. SELLINGER
United States Attorney