

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Philip R. Sellinger*  |  970 Broad Street, Suite 700  |  (973) 645-2700
*United States Attorney*  |  Newark, New Jersey 07102  |

January 12, 2022

**VIA EMAIL**

Mary E. Toscano, Esq.
Sills Cummis & Gross, P.C.
One Riverfront Plaza
Newark, NJ 07102
mtoscano@sillscummis.com

Thomas Ericsson, Esq.
Oronoz & Ericsson LLC
1050 Indigo Drive, Suite 120
Las Vegas, Nevada 89145
tom@oronozlawyers.com

     Re: Plea Agreement with Gordon Brad Beckstead
        22-CR_204 (CCC)

Dear Counsel:

  This letter sets forth the plea agreement between your client, Gordon Brad Beckstead ("Beckstead"), and the United States Attorney for the District of New Jersey ("this Office"). This Office's offer to enter into this plea agreement will expire on January 14, 2022 if it is not accepted in writing by that date.

Charges

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Beckstead to Counts One and Three of an Information that charges him: (1) in Count One with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h); and (2) in Count 3 with aiding and assisting in the preparation of a false tax return for calendar year 2018, in violation of Title 26, United States Code, Section 7206(2).

  If Beckstead enters a guilty plea to, and is sentenced on the above charges, this Office will not initiate any further criminal charges against Beckstead based upon: (a) his laundering of funds derived from the BitClub Network, described more particularly in the Indictment filed in *United States v. Goettsche, et al.*, Crim. No. 19-877(CCC), from in or around 2014 through in or around December

2019; or (b) his aiding in the preparation of, or preparation of, false tax returns on behalf of Matthew Goettsche and any entities controlled by Matthew Goettsche, provided that Beckstead admits under oath at the time of his guilty plea: (1) to aiding in the preparation of false income tax returns on behalf of Goettsche for the calendar years 2017 and 2018; and (2) that this conduct is taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c).  In addition, if Beckstead fully complies with all the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Count Two of the Information.

Further, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Beckstead agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Beckstead may be commenced against him, notwithstanding the expiration of the limitations period after Beckstead signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1956(h) alleged in Count One of the Information to which Beckstead agrees to plead guilty carries a statutory maximum prison sentence of twenty years and a statutory maximum fine equal to the greater of:  (1) $500,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense.

The violation of 26 U.S.C. § 7206(2) charged in Count Three of the Information to which Beckstead agrees to plead guilty carries a statutory maximum prison sentence of three years and a statutory maximum fine of not more than $100,000, together with the costs of prosecution. Beckstead may be subject to an alternative statutory maximum fine pursuant to 18 U.S.C. § 3571 equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentences for Counts One and Three may run consecutively.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Beckstead is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and

the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Beckstead ultimately will receive.

Further, in addition to imposing any other penalty on Beckstead, the sentencing judge: (1) pursuant to 18 U.S.C. § 3013, will order Beckstead to pay an assessment of $100 per count ($200 total), which assessment must be paid by the date of sentencing; (2) with respect to both counts, must order Beckstead to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.* and; (3) pursuant to 18 U.S.C. § 3583 may require Beckstead to serve a term of supervised release for each count of conviction of (a) not more than three years for Count One of the Information; and (b) not more than one year for Count Three of the Information, which terms will begin at the expiration of any term of imprisonment imposed. Should Beckstead be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its terms, Beckstead may be sentenced to: (a) not more than two years' imprisonment for Count One of the Information; and (b) not more than one year for Count Three of the Information, which terms are in addition to any prison term previously imposed regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Beckstead by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Beckstead's activities and relevant conduct with respect to this case.

Stipulations

This Office and Beckstead agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this

Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Beckstead from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Beckstead waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Restitution

Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(b)(1)(B), this Office and Beckstead agree that Beckstead shall pay restitution for all losses resulting from the offense of conviction charged in Count One of the Information in such amounts as the parties will agree or, if no agreement can be reached, the Court shall determine following an evidentiary hearing. Beckstead understands and agrees that the losses and restitution computed may exceed the loss amount agreed upon by the Government for purposes of the advisory Sentencing Guidelines computation, and the Government is permitted to provide the Court with information about the loss and restitution that will exceed the figures reflected in the negotiated, agreed-upon range reflected in Schedule A used to determine Beckstead's advisory guidelines range of imprisonment.

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Beckstead agrees to pay restitution to the Internal Revenue Service ("IRS") based on the offense conduct charged in Count Three of the Information in an amount to be determined prior to the date of sentencing. Beckstead understands and agrees that this figure does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26. Beckstead agrees that the total amount of restitution reflected in this Agreement results from his criminal conduct. The restitution amount is based upon the total amount of loss associated with tax returns prepared on behalf of Matthew Goettsche for calendar years 2017 and 2018 and shall be paid according to a payment plan

established by the Court.  If the Court orders Beckstead to pay restitution to the IRS for aiding and assisting in the preparation of a false tax return, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment.  *See* 26 U.S.C. § 6201(a)(4)(a).  Beckstead does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C).  Neither the existence of a restitution payment schedule nor Beckstead's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

If the Court imposes a schedule of payments regarding restitution, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods available to the United States to enforce the judgment.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A, this Office and Beckstead waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

<u>Waiver of Venue</u>

Beckstead agrees to waive and forego any and all challenges to venue in the District of New Jersey.  Beckstead understands and agrees that the charges in the Information will be filed and adjudicated in the District of New Jersey. Beckstead further agrees not to assert in any appeal, motion or collateral attack, including a motion brought pursuant to 28 U.S.C. § 2255, any claim or argument challenging venue in the District of New Jersey to the charges in the Information, as set forth above.

<u>Immigration Consequences</u>

Beckstead understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  Beckstead understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  Beckstead wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  Beckstead understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, Beckstead waives any

and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Beckstead. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service, the U.S. Securities and Exchange Commission, and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Beckstead.

No provision of this agreement shall preclude Beckstead from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Beckstead received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

      This agreement constitutes the plea agreement between Beckstead and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

      Very truly yours,

      PHILIP R. SELLINGER
      United States Attorney

      By:  Anthony P. Torntore
           Jamie L. Hoxie
           Assistant U.S. Attorneys

APPROVED:

/s/ Sean Farrell
_____

Sean Farrell
Chief, Cybercrime Unit

I have received this letter from my attorneys, Mary E. Toscano, Esq. and Thomas Ericsson, Esq., and I have read it. My attorneys and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, and waiver. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____      Date: 1/18/2022
Gordon Brad Beckstead


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, and waiver. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____      Date: 1/18/22
Mary E. Toscano, Esq.


_____      Date: 1/18/2022
Thomas Ericsson, Esq.

Plea Agreement with Gordon Brad Beckstead

Schedule A

1. This Office and Beckstead recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Beckstead nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Beckstead within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Beckstead further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

Count One of the Information

3. The applicable guideline is U.S.S.G. § 2S1.1 because Count One of the Information charges conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h). U.S.S.G., App'x A.

4. Because Beckstead did not commit the underlying offense from which the laundered funds were derived, the base offense level is 8, plus the number of offense levels from the table in U.S.S.G. § 2B1.1. U.S.S.G. § 2S1.1(a)(2).

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(K) applies because the value of the laundered funds was more than $9,500,000 but not more than $25,000,000. This results in an increase of 20 levels.

6. Specific Offense Characteristic U.S.S.G. § 2S1.1(b)(2)(B) applies because defendant was convicted under 18 U.S.C. § 1956. This results in an increase of 2 levels.

7. Specific Offense Characteristic U.S.S.G. § 2S1.1(b)(3) applies because the offense involved sophisticated laundering. This results in an increase of 2 levels.

8. Under U.S.S.G. § 3B1.2(b), a two-level decrease is appropriate because defendant was a minor participant in the underlying criminal activity.

9. The total offense level for Count One of the Information is 30.

Count Three of the Information

10. The applicable guidelines are U.S.S.G. §§ 2T1.1 and 2T4.1, because Count Three of the Information charges a violation of Title 26, United States Code, Section 7206(2). U.S.S.G., App'x A.

11. The parties agree that the combined tax loss for the relevant false returns in tax years 2017 and 2018 is greater than $9,500,000, but less than $25,000,000, corresponding to an Offense Level of 26 pursuant to U.S.S.G. § 2T4.1(K).

12. The total offense level for Count Three of the Information is 26.

Grouping Analysis

13. The parties agree that Counts One and Three of the Information group pursuant U.S.S.G. § 3D1.2(d). Pursuant to U.S.S.G. § 3D1.3(b), the parties further agree that when the grouped counts are covered by different Guidelines, the offense guideline that produces the highest offense level should be applied. Thus, the offense level is 30.

Acceptance of Responsibility

14. As of the date of this letter, it is expected that Beckstead will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Beckstead's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a).

15. As of the date of this letter, it is expected that Beckstead will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Beckstead's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Beckstead enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Beckstead's acceptance of responsibility has continued through the date of sentencing and Beckstead therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Beckstead's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

Agreed Total Guidelines Offense Level

16. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Beckstead is 27 (the "agreed total Guidelines offense level").

17. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

Waiver

18. Beckstead knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

19. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.